[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION ON MOTION TO DISMISS FACTS
The plaintiff is a physician specializing in obstetrics and gynecology. The defendant Women's Health is a professional corporation specializing in obstetrics and gynecology. The defendant Chmielewski is a physician who, along with Dr. Judith Hofrichter, is a principal of Women's Health. The plaintiff entered into an agreement with Women's Health on June 15, 1998 to be employed by the group as a physician. CT Page 3137
The plaintiff has brought a nineteen count writ naming as defendant in various counts either the Health group or Chmielewski individually. At the present time, that writ has been filed in court in support of an application for a prejudgment remedy. In accordance with our normal prejudgment remedy procedures, only an unsigned copy of the writ, summons and complaint are presently in the court file.
On February 8, 2000, the defendant filed a motion entitled "Defendant's Motion to Dismiss Application for Prejudgment Remedy."
It appears that at one point the defendant was moving to dismiss counts 2, 3, 4, 5, 6, 7, 8 and 9 of the plaintiffs complaint. Subsequently, the parties have agreed on the disposition of counts 4, 5, 8 and 9. Presently pending before the Court is a challenge to counts 2, 3, 6 and 7.
Count 2 alleges a violation of Connecticut General Statute § 46a-60, et seq. against Women's Health. Count 3 alleges a violation of Connecticut General Statute § 46a-60, et seq., against Chmielewski individually. Count 6 alleges a violation of § 46a-60, et seq., specifically in retaliation for a complaint, against Women's Health and Count 7 makes a similar retaliation claim against Chmielewski individually.
Counts 2 and 3 contain identical paragraphs 88 which read as follows:
 "Although the plaintiffs charge is still pending before the CHRO, the plaintiff has incorporated similar allegations of discriminatory conduct in this Superior Court action because the CHRO does not have jurisdiction to order pre-judgment remedies in the pending administrative proceeding."
Counts 6 and 7 incorporate by reference previous paragraphs 1 through 86 and contain substantially identical new paragraphs 87, 88 and 89. It does not appear that count 6 or 7 contains any paragraph directly or by incorporation which is the functional equivalent of paragraph 88 of counts 2 and 3.
 DISCUSSION
In Mendillo v. Board of Education of the Town of East Haddam,246 Conn. 456, 466-467 (1998), the plaintiff brought an action CT Page 3138 against the defendant alleging a cause of action for termination of employment and harassment. The court held that the plaintiff was permitted to have her claims adjudicated in the judicial forum without first exhausting administrative procedures. The court wrote:
 "Despite the important public policy considerations underlying the exhaustion requirement, we have grudging carved several exceptions to the exhaustion doctrine . . . We have recognized such exceptions, however, only infrequently and only for narrowly defined purposes . . . One of the limited exceptions to the exhaustion rule arises when recourse to the administrative remedy would be demonstrably futile or inadequate . . . An administrative remedy is futile or inadequate if the agency is without the authority to grant the relief requested. . . ."
In examining the Mendillo holding, the Superior Court in Dixsonv. Yale University, 1999 WL 639861, pp. 12 (Conn. supra 1999), held that the Mendillo exception didn't apply because the plaintiffs pleading failed to "allege that [he] exhausted [his] administrative remedies, or, in the alternative, that [he] need not to have exhausted those remedies because they fit into an exception to the doctrine . . ."
It would appear to the Court that the Dixson rationale would be sufficient to dismiss counts 6 and 7 of the underlying writ alleged to support the requested prejudgment remedy. However, the court recognizes that on the facts before it, it would be relatively easy for the plaintiff to file a new proposed complaint which incorporated language similar to paragraph 88 into counts 6 and 7. For this reason, and because the Court believes that the counts are subject to dismissal for more substantive reasons, the Court will not base its dismissal on theDixson rationale.
The defendant moves to dismiss counts 3 and 6, the counts against Chmielewski individually, on the grounds that he is not an employer as defined in the Discriminatory Practices Act. The Court agrees that Chmielewski is not an employer within the meaning of the Act. Section 46a-60 (1) defines discriminatory practices "for an employer, by himself or his agent,". However, § 46a-60 (4) provides that it shall be a "discriminatory practice"
 "for any person, employer, labor organization or employment CT Page 3139 agency to discharge, expel or otherwise discriminate against any person because he has opposed any discriminatory employment practice or because he has filed a complaint or testified or assisted in any proceeding under §§ 46a-82, 46a.-83, or 46a-84;" [emphasis added]
Paragraph 87 of count 6 contains the following language:
 "By the conduct described above, Women's Health retaliated against the plaintiff because of her opposition to Women's Health discriminatory practices in violation of Connecticut Law C.G.S. § 46a-60, et seq."
Count 7 contains virtually identical language accusing Chmielewski individually of retaliation.
Section 46a-60 (5) makes it a discriminatory practice:
 "For any person, whether employer or employee or not, to aid, abet, insight, compel or coerce the doing of any act declared to be a discriminatory employment practice or to attempt to do so." [emphasis added]
While the Court agrees with the defendant that Chmielewski individually cannot be regarded as an employer under § 46a-60
(1) it appears that Chmielewski can be included as a person covered by § 46a-60 (4) as to count 7 and by § 46a-60 (5) as to both counts 3 and 7.
The plaintiff is correct when she claims that a prejudgment remedy is wholly unavailable from CHRO. See Connecticut General Statutes § 46a-60 through § 46a-104. In addition, inBridgeport Hospital v. CHRO, 232 Conn. 91 (1995), our Supreme Court recognized that the Superior Court can give damages for emotional distress and attorney's fees under § 46a-86 which are not available in a CHRO proceeding. Thus, the Court agrees with the plaintiff that neither the prejudgment remedy nor certain damages are available to her from CHRO.[1]
The Court finds that the damages claimed in counts 2, 3, 6 and 7 are specifically pled under § 46a-60, et seq. Consequently, any damages which might be available under the BridgeportHospital holding are in addition to these specific counts. Accordingly, the Court sees no basis to authorize a prejudgment remedy based upon these counts to secure the Bridgeport Hospital
CT Page 3140 damages. Those damages, if any, do not flow from the disputed counts.
Prejudgment remedies in Connecticut are controlled by General Statutes § 52-278a through 52-324. A prejudgment remedy may be defined as a mechanism through which assets of the defendant can be secured while the litigation is pending so that the assets will be available to satisfy any judgment which the plaintiff may recover. The issuance of a prejudgment remedy must be in accord with §§ 52-278 through 52-278g and generally the plaintiff must show probable cause that judgment will enter in the plaintiffs favor in order to obtain a prejudgment order.
Because she has failed to exhaust her administrative remedy as to those counts based upon § 46a-60, et seq., the Court finds that the plaintiff cannot, at this time, show probable cause that judgment will be entered in its favor on counts 2, 3, 6 and 7. The Court recognizes that the plaintiff's claim is against a medical partnership and an individual physician. It is at least conceivable that the absence of a prejudgment remedy would make it difficult for the plaintiff to recover any damages awarded to her by CHRO or in a later court action on these counts.[2] However, in the absence of exhaustion, the Court simply does not believe that the requested prejudgment remedy is in accord with the requirements of §§ 52-278a through 52-278g.
In a similar context parties to arbitration agreements face the risk of having no assets to respond to an award following the completion of arbitration. This problem is solved by § 52-422
of the Connecticut General Statutes which provides:
 "at any time before an award is rendered pursuant to an arbitration under this chapter, the Superior Court for the judicial district in which one of the parties resides, or, in a controversy concerning land, for the judicial district in which the land is situated, or, when said court is not in session, any judge thereof, upon application of any party to the arbitration, may make forthwith such orders or decrees, issue such process and direct such proceedings as may be necessary to protect the rights of the parties pending the rendering of the award and to secure the satisfaction thereof when rendered and confirmed." [emphasis added]
In neither our statutes relating to the Commission on Human Rights and Opportunities, nor in our statute relating to CT Page 3141 prejudgment remedies does one find any statute granting to CHRO applicants the type of protection granted to parties in arbitration by § 52-422. In the absence of such a legislative enactment, this Court finds that it is without jurisdiction to grant a prejudgment remedy to secure the claims made in counts 2, 3, 6 and 7 of the plaintiffs complaint. In so far as a motion to dismiss is timely, counts 2, 3, 6 and 7 are dismissed.
The Court by,
Booth